**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First-Citizen Bank & Trust Company, <br> Plaintiff, <br> v. <br> Sergio G Souza, et al., <br> Defendants. | No. CV-24-03234-PHX-DWL <br><br> **ORDER** |

Pending before the Court is a motion for default judgment filed by First-Citizen Bank & Trust Company ("Plaintiff"). (Doc. 12.) For the reasons that follow, the motion is granted.

## BACKGROUND

On November 19, 2024, Plaintiff filed the complaint. (Doc. 1.) In broad strokes, the complaint alleges as follows. On November 13, 2020, Plaintiff entered into a promissory note with Souza DDS, LLC ("Souza LLC") under which Souza LLC borrowed just over $1 million at an interest rate of 3.35% and agreed to repay the loan in monthly installments between January 2021 and April 2031. (*Id.* ¶¶ 8-9, 12, 14.) The promissory note also provided that, upon default, the interest rate would increase to 18% and the entire unpaid principal balance and all unpaid interest could be deemed immediately due. (*Id.* ¶ 16.) That same day, Sergio G. Souza ("Souza") executed a guaranty agreement in which he personally guaranteed the full and punctual payment and satisfaction of the debt incurred by Souza LLC under the promissory note. (*Id.* ¶ 19.) On an unspecified date after

execution of these contracts, Souza LLC failed to make a scheduled monthly payment and went into default. (*Id.* ¶¶ 10, 21.) Based on those allegations, the complaint asserts a claim for breach of the promissory note against Souza LLC (Count One), a claim for breach of the guaranty agreement against Souza (Count Two), and declaratory relief concerning both theories (Count Three). (*Id.* ¶¶ 22-38.) The complaint seeks damages of "no less than $570,471.73, plus accrued interest," as well as pre- and post-judgment interest and costs and attorneys' fees. (*Id.* at 7.)

On December 18, 2024, each Defendant was served with process. (Docs. 8, 9.)

On February 7, 2025, after each Defendant failed to answer or otherwise respond, Plaintiff applied for an entry of default as to each of them. (Doc. 10.)

On February 10, 2025, the Clerk of Court entered a default as to each Defendant. (Doc. 11.)

On March 5, 2025, Plaintiff filed the pending motion for default judgment. (Doc. 12.) Neither Defendant has responded.

**DISCUSSION**

I. <u>Legal Standard</u>

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The relevant factors include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

…

II.     *Eitel* Factors

    A.     **Possible Prejudice To Plaintiff**

The first *Eitel* factor weighs in favor of default judgment. If Plaintiff's motion were denied, Plaintiff would be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

    B.     **Merits Of Claims And Sufficiency Of Complaint**

The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard. *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978).

Here, the factual allegations in the complaint can be summarized as follows: "[T]he Promissory Note is a valid legal contract entered into by Souza LLC and Plaintiff. Souza LLC breached the contract on or about September 5, 2024, when it failed to make a scheduled monthly payment of $10,313.87. This breach damaged Plaintiff because it loaned Souza LLC $1,048,000.00 with assurances from Souza LLC that timely payments on the debt would be made. Souza, in his individual capacity, also breached a valid legal contract between himself and Plaintiff. On or about November 13, 2020, Souza signed as guarantor the Commercial Guaranty. Per the Commercial Guaranty, Souza absolutely and unconditionally guaranteed the full and punctual payment and satisfaction of the debt incurred from the Promissory Note. Souza breached the Commercial Guaranty when Souza LLC failed to make its monthly scheduled payment on the Promissory Note, on or about September 5, 2024." (Doc. 12 at 6.) For the reasons discussed in Plaintiff's default judgment motion (*id.* at 6-7), those allegations are sufficient to establish each Defendant's liability.

    C.     **Amount At Stake**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct.

Although the amount being sought here is not insignificant—Plaintiff seeks a total award of "$591,960.75, exclusive of attorney's fees and court costs" (Doc. 12 at 9)—those

- 3 -

sums are commensurate with the seriousness of Defendants' conduct. *See generally Premier Financial Services, LLC v. Sayegh*, 2009 WL 2809431, *1 (D. Ariz. 2009) (granting six-figure default judgment in breach-of-contract action and citing other cases approving similar awards).

Thus, the fourth *Eitel* factor is either neutral or weighs, at most, only weakly against default judgment.

### D. **Possible Dispute Concerning Material Facts**

Given the sufficiency of the complaint and Defendants' lack of participation in this action, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177. Thus, the fifth *Eitel* factor favors default judgment.

### E. **Excusable Neglect**

As Plaintiff correctly notes, "[b]ecause Defendants have actual knowledge of the action but refuse to engage in it, the default was not due to excusable neglect." (Doc. 12 at 8.) Accordingly, the sixth *Eitel* factor favors default judgment.

### F. **Policy Favoring Merits Resolution**

The last *Eitel* factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.

### G. **Weighing Of *Eitel* Factors**

On balance, the *Eitel* factors favor default judgment. The Court therefore concludes that default judgment as to liability is appropriate.

III. Damages

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes,* 559 F.2d at 560. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove

all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

"Plaintiff seeks $591,960.75 in damages, excluding attorneys' fees and costs." (Doc. 12 at 7.) This figure is composed of $546,455.61 in principal debt (which Plaintiff calculated by offsetting the outstanding principal balance by a sale of collateral that occurred in October 2024), $31,481.89 in interest, $3,094.14 in late charges (as described in the Promissory Note), and $10,929.11 of prepayment penalties (as described in the Promissory Note). (*Id.* at 9.) Plaintiff has submitted declarations substantiating these calculations. (Docs. 12-1, 12-2.) The Court is satisfied that Plaintiff's evidentiary submissions are sufficient to support the requested award in full. Additionally, the requested award does not exceed the amount sought in the complaint (*i.e.*, "no less than $570,471.73, plus accrued interest")

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion for default judgment (Doc. 12) is **granted**.

2. Default judgment is entered in favor of Plaintiff and against Defendants Souza DDS, LLC and Sergio G. Souza, jointly and severally, in the amount of $591,960.75.

3. The Clerk is directed to enter judgment accordingly and terminate this action.

4. Plaintiff may, within 14 days of the entry of judgment, file a motion for attorneys' fees.

Dated this 7th day of April, 2025.

Dominic W. Lanza
United States District Judge